**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GINA LOUIS MERITIL, | Civil Action No.  7:22-cv-04034 |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| JAWONIO INC., | |
| Defendants. | Plaintiff Demands Trial by Jury |

Plaintiff, GINA LOUIS MERITIL ("Plaintiff" or "Meritil"), by and through her attorneys, LEVINE & BLIT, PLLC, as and for his complaint against the defendant, JAWONIO INC. ("UPS" or "defendant"), alleges upon information and belief:

## NATURE OF THE ACTION

1. This action is brought to remedy discrimination and harassment based upon race, color and national origin, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the New York State Human Rights Law ("NYSHRL" or "Executive Law"), and 42 U.S.C. § 1981 (Section 1981).

2. Plaintiff seeks injunctive and declaratory relief against Defendant's unlawful actions; front and back pay; compensatory damages, including damages for emotional distress, mental anguish, and humiliation; punitive damages; pre-judgment and post-judgment interest; reasonable attorneys' fees; and costs of this action, to the fullest extent of the law.

## THE PARTIES

3. Plaintiff is a Black and Haitian woman who speaks and communicates in Creole.

4.      Defendant Jawonio is an organization that provides services for individuals with developmental disabilities and other medical and/or emotional issues, with its main campus located at 260 North Little Tor Rd, New City, NY 10956.

5.      At all times relevant to this complaint of discrimination, Defendant maintained an employment relationship with fifteen (15) or more individuals, and are "employer(s)" within the meaning of applicable federal, state and local laws.

6.      At all times relevant to this complaint of discrimination, Plaintiff maintained the requisite experience, skills, or qualifications for her position of employment with defendant, and satisfactorily performed his duties for defendant.

7.      At all times relevant to this claim, defendant had knowledge that plaintiff is a black, and Haitian, individual.

8.      At all times relevant to this claim, plaintiff was an "employee" of defendants within the meaning of Title VII and the Executive Law.

## JURISDICTION AND VENUE

9.      Jurisdiction of this Court is appropriate, pursuant to 28 U.S.C.A. §§1331 and 1367.

10.      Ms. Meritil filed an EEOC Charge of Discrimination against the company on or around March 10, 2021.  On or about March 25, 2022, Plaintiff received a "Right to Sue" letter from the Equal Employment Opportunity Commission ("EEOC"). (Exhibit "A").  Plaintiff has complied fully with all administrative and jurisdictional prerequisites and brings this action within ninety (90) days of receiving her Notice of Right to Sue from the EEOC.

11.      Venue of this Court is appropriate, pursuant to 28 U.S.C. §1391, because Defendant resides in the Southern District of the State of New York.

2

## **FACTUAL ALLEGATIONS**

12.     Ms. Meritil worked at Jawonio as a nurse's aide for approximately 21 years before her discriminatory and retaliatory termination.

13.     At all times relevant to this complaint, management of Jawonio, who were predominantly white, and non-Haitian and/or non-Black, discriminated against, mistreated, and otherwise treated Haitian workers less favorably than similarly situated non-Haitian coworkers.

14.     During her employment at Jawonio, Ms. Meritil spoke Creole with other employees of the same nationality.   In or around May, 2020, one of Ms. Meritil's managers who, upon information and belief, is non-Haitian, admonished Ms. Meritil for no legitimate, nondiscriminatory reason, for speaking Creole at work to another Creole-speaking coworker.

15.     Furthering the discriminatory workplace policy and practice, on or about May 11, 2020, defendant's management sent an email to staff, including Ms. Meritil, stating, in part:

- ▪ "it is important that we **communicate professionally** at all times in the language that the individuals understand the most."

- ▪ "This e-mail serves a s a reminder that all staff are expected to communicate with the individuals and each other in **English**…"

- ▪ "Staff may communicate in any language when they are on a break (not in the presence of a person served or another employee) or off work.  They are **required to speak and write in English when on shift**."

- ▪ "Please work with your team to ensure that they are **communicating professionally and in English**…"

16.     Defendant's policy and practice was clearly discriminatory in that it required English-only speaking, even amongst coworkers, at all times in the workplace in which an employee was working.

17.    Defendant's policy and practice was also very clearly discriminatory in that it equated 'professional' communications as communicating in English-only, as if an employee could not speak 'professionally' if that employee did not speak in English.

18.    Those most targeted and affected by defendant's racist and discriminatory policy were non-white, non-Caucasian, non-American, and non-English native speaking staff, including plaintiff, for no legitimate, non discriminatory reason.

19.    Plaintiff endured this discriminatory policy and practice for some time, both before and after the racist and discriminatory email referenced above.

20.    For no legitimate, nondiscriminatory reason, on two separate occasions Ms. Meritil was asked to sign a document which would require her to cease speaking Creole at work, and to use English solely as a means of communication.

21.    On both occasions, Ms. Meritil refused to sign the document presented to her because she recognized the discriminatory nature of the policy, and she understood that there was no legitimate reason for this policy to be enacted.

22.    Ms. Meritil was one of the only employees who stood up to defendant in response to defendant's racist and discriminatory policies.  Shortly after Ms. Meritil refused to sign the clearly discriminatory document which articulated a clearly discriminatory workplace policy, she was suspended from her employment on or about May 19, 2020 for no legitimate reason, as defendant claimed that she was sleeping on the job.

23.    Soon after her suspension, Ms. Meritil was discharged on or about May 25, 2020 for no legitimate reason, after approximately twenty-one (21) successful years of employment with defendant. This termination followed a pattern and practice of Jawonio's management of terminating other Haitian, Creole-speaking employees for no legitimate, nondiscriminatory reason.

4

24.     On or around the same day of Ms. Meritil's termination, Jawonio filed a baseless New York State Justice Center Report against Ms. Meritil, declaring about eight (8) allegations of neglect. However, the New York State Justice Center found that all the claims against Ms. Meritil were *unsubstantiated*, further demonstrating that there was no legitimate cause for her suspension and discharge.

25.     Also, upon information and belief other white, non-Haitian employees were not terminated when similar accusations were brought against them.

26.     Ms. Meritil's professional goals and growth, finances, and emotional health have been negatively impacted by defendant's unlawful actions, demonstrating a reckless indifference to her statutorily protected rights to a workplace free from discrimination and harassment.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (Discrimination based upon Race, Color, and National Origin
### in Violation of Title VII)

27.     Plaintiff hereby repeats and realleges each allegation contained in the entirety of this Complaint, as if set forth fully herein.

28.     At all times relevant to this action, Defendant was an employer within the meaning of Title VII, and Plaintiff was an employee entitled to protection in her employment from discrimination based upon race, color and national origin within the meaning of Title VII.

29.     But for Plaintiff being a black, Haitian, Creole-speaking individual, and therefore a member of a protected class pursuant to Title VII, plaintiff would not have been subjected to discrimination based upon her race, color, and national origin..

30.     Plaintiff was qualified to hold her position of employment with Defendant and had satisfactorily performed the duties required by her position of employment with Defendant.

31.     Pursuant to the unlawful acts and practices of Defendant as alleged above, Plaintiff was discriminated against due to her race, color, and national origin in defendant's workplace.

32.     Defendant knew or should have known of the unlawful acts and practices as alleged above, yet failed to act promptly to prevent or end the harassment and discrimination.

33.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation, as well as all attorneys' fees and costs of this action.

34.     Defendant acted with malice and/or with reckless disregard for Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT
### (Discrimination based upon Race, Color, and National Origin
### in Violation of Executive Law)

35.     Plaintiff hereby repeats and realleges each allegation contained in the entirety of this Complaint, as if set forth fully herein.

36.     At all times relevant to this action, Defendant was an employer within the meaning of the Executive Law, and Plaintiff was an employee entitled to protection in her employment from discrimination based upon race, color and national origin within the meaning of Executive Law.

37.     But for Plaintiff being a black, Haitian, Creole-speaking individual, and therefore a member of a protected class pursuant to the Executive Law, plaintiff would not have been subjected to discrimination based upon her race, color, and national origin..

6

38.     Plaintiff was qualified to hold her position of employment with Defendant and had satisfactorily performed the duties required by her position of employment with Defendant.

39.     Pursuant to the unlawful acts and practices of Defendant as alleged above, Plaintiff was discriminated against due to her race, color, and national origin in defendant's workplace.

40.     Defendant knew or should have known of the unlawful acts and practices as alleged above, yet failed to act promptly to prevent or end the harassment and discrimination.

41.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation, as well as all attorneys' fees and costs of this action.

42.     Defendant acted with malice and/or with reckless disregard for Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Hostile Work Environment Based on Race, Color, and National Origin in Violation of Title VII)

43.     Plaintiff hereby repeats and realleges each allegation contained in the entirety of this Complaint, as if set forth fully herein.

44.     At all times relevant to this action, Defendant was an employer within the meaning of Title VII and Plaintiff was an employee entitled to protection in his employment from discrimination within the meaning of Title VII.

45.     But for Plaintiff being a black, Haitian, Creole-speaking individual, and therefore a member of a protected class pursuant to Title VII, she would not have been subjected to harassment based upon her race, color, and national origin.

46.     Pursuant to the unlawful acts and practices of Defendant as alleged above, Plaintiff was subjected to an abusive workplace permeated with harassment and discrimination that was sufficiently severe or pervasive to alter the conditions of her work environment during her employment with Defendant.

47.     Defendant knew or should have known of the unlawful acts and practices as alleged above and of the hostile work environment created thereby, yet failed to act promptly to prevent or end the harassment and discrimination.

48.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation, as well as reasonable attorneys' fees and costs of this matter.

49.     Defendant acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
**(Hostile Work Environment Based on Race, Color, and National Origin
in Violation of Executive Law)**

50.     Plaintiff hereby repeats and realleges each allegation contained in the entirety of this Complaint, as if set forth fully herein.

8

51.     At all times relevant to this action, Defendant was an employer within the meaning of the Executive Law and Plaintiff was an employee entitled to protection in his employment from harassment within the meaning of Executive Law.

52.     But for Plaintiff being a black, Haitian, Creole-speaking individual, and therefore a member of a protected class pursuant to the Executive Law, she would not have been subjected to harassment based upon her race, color, and national origin..

53.     Pursuant to the unlawful acts and practices of Defendant as alleged above, Plaintiff was subjected to an abusive workplace permeated with harassment and discrimination that was sufficiently severe or pervasive to alter the conditions of her work environment during her employment with Defendant.

54.     Defendant knew or should have known of the unlawful acts and practices as alleged above and of the hostile work environment created thereby, yet failed to act promptly to prevent or end the harassment and discrimination.

55.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation, as well as reasonable attorneys' fees and costs of this matter.

56.     Defendant acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANT
### (Retaliation in Violation of Title VII)

57.     Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

58.     At all times relevant to this action, Defendant was an employer within the meaning of Title VII and Plaintiff was an employee entitled to protection in her employment from discrimination within the meaning of Title VII.

59.     Pursuant to the acts and practices of Defendant as alleged above, Plaintiff issued several complaints to the company of the discrimination based on race, color, and national origin that she was forced to endure, and thus engaged in a protected activity pursuant to Title VII.

60.     Defendant knew or should have known of the unlawful acts and practices as alleged above and of Plaintiff's complaints regarding the same, yet failed to act promptly to prevent or end the retaliation.

61.     Instead of taking steps to ensure a retaliation-free workplace, Defendant condoned and reinforced the unlawful acts and practices as alleged above and retaliated against Plaintiff as stated above

62.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation, as well as reasonable attorneys' fees and the costs of this action..

63.     Defendants acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendants should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Retaliation in Violation of Executive Law)

64.     Plaintiff hereby repeats and realleges each allegation contained in the entirety of the Complaint, as if set forth fully herein.

65.     At all times relevant to this action, Defendant was an employer within the meaning of the Executive Law and Plaintiff was an employee entitled to protection in her employment from discrimination within the meaning of the Executive Law.

66.     Pursuant to the acts and practices of Defendant as alleged above, Plaintiff issued several complaints to the company of the discrimination based on race, color, and national origin that she was forced to endure, and thus engaged in a protected activity pursuant to the Executive Law.

67.     Defendant knew or should have known of the unlawful acts and practices as alleged above and of Plaintiff's complaints regarding the same, yet failed to act promptly to prevent or end the retaliation.

68.     Instead of taking steps to ensure a retaliation-free workplace, Defendant condoned and reinforced the unlawful acts and practices as alleged above and retaliated against Plaintiff as stated above

69.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future

earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation, as well as reasonable attorneys' fees and the costs of this action..

70.     Defendants acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendants should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS

### (Discrimination and Hostile Work Environment Based Upon Race, Color and National Origin in Violation of § 1981)

71.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in the entirety of the Complaint, as if fully set forth herein.

72.     Plaintiff is a member of a protected class.

73.     Plaintiff was qualified for his position with Defendant.

74.     Due to her race, color and national origin, defendant routinely subjected plaintiff to derogatory, harassing and discriminatory treatment in the workplace, as articulated above.

75.     Defendant's discriminatory and hostile actions versus plaintiff violate the Civil Rights Act of 1866 (42 U.S.C. § 1981) as amended.

76.     As a direct and proximate result of the Defendant's unlawful discriminatory conduct, Plaintiff has suffered, and continues to suffer, economic losses, including but not limited to back pay, loss of future income, compensation, and other benefits of employment; severe mental anguish and emotional distress, including but not limited to, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which he are entitled to an award of monetary damages and other relief, as well as reasonable attorneys' fees and the costs of this action.

12

77.     Defendant's unlawful and discriminatory actions constitute malicious, willful, and wanton violations of the § 1981, and were done with malice or reckless disregard for Plaintiff's civil rights, for which Plaintiff is entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS

### (Retaliation  in Violation of § 1981)

78.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in the entirety of the Complaint, as if fully set forth herein.

79.      Pursuant to the acts and practices of Defendant as alleged above, Plaintiff issued several complaints to the company of the discrimination based on race, color, and national origin that she was forced to endure, and thus engaged in a protected activity.

80.     Defendant knew or should have known of the unlawful acts and practices as alleged above and of Plaintiff's complaints regarding the same, yet failed to act promptly to prevent or end the retaliation.

81.     Instead of taking steps to ensure a retaliation-free workplace, Defendant condoned and reinforced the unlawful acts and practices as alleged above and retaliated against Plaintiff as stated above

82.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation, as well as reasonable attorneys' fees and the costs of this action..

83.     Defendants acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendants should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

(a)     An order declaring that the acts and practices complained of herein are in violation of Title VII, the Executive Law, and Section 1981;

(b)     An order enjoining Defendant from engaging in future unlawful acts of discrimination, harassment and retaliation;

(c)     An order compelling Defendant to pay Plaintiff monetary damages for lost past and future wages, in an amount to be determined at trial, caused by Defendant's unlawful actions;

(d)     An order compelling Defendant to pay Plaintiff compensatory damages, in an amount to be determined at trial, as a result of the severe mental anguish, emotional distress, humiliation, and loss of reputation, among other damages, caused by Defendants' unlawful actions;

(e)     An order compelling Defendant to pay punitive damages, in an amount to be determined at trial, to Plaintiff as a result of Defendant's intentional and reckless disregard of Plaintiff's protected civil rights;

(f)     An order awarding Plaintiff such pre-judgment and post-judgment interest as is allowed by law;

(g)     An order compelling Defendant to pay Plaintiff's reasonable attorneys' fees and costs of this action; and

(h)     Any such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this action.

Dated: May 17, 2022
       New York, New York

Respectfully Submitted,

**LEVINE & BLIT, PLLC**

_____

Russell S. Moriarty, Esq.

*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020
New York, New York 10118
Phone: (212) 967-3000
rmoriarty@levineblit.com